

EDNY/BKNY
01-cr-56
Raggi

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 13 day of July, two thousand and five,

PRESENT:

    HON. JON O. NEWMAN,
    HON. PIERRE N. LEVAL,
    HON. JOSÉ A. CABRANES,

        Circuit Judges,

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 5 2005 ★
P.M. _____
TIME A.M. _____



-------------------- x

UNITED STATES OF AMERICA,

    Appellee,

v.                                            Docket No.: 03-1739

ALPHONSE T. PERSICO,

    Defendant-Appellant.

-------------------- x

APPEARING FOR APPELLANT:    DALE L. SMITH, New York, NY.

APPEARING FOR APPELLEE:    AMY WALSH, Assistant United States Attorney, Eastern District of New York (Jo Ann M. Navickas, Assistant United States Attorney, *of counsel*,

1

ISSUED AS MANDATE: 12-21-05

Persico did not submit an affidavit or testimony that he did not understand the elements of the charges against him. The District Court ultimately rejected the proposition that Persico's experienced lawyers rendered deficient service, and found that in any case there could have been no prejudice to Persico as he was well aware of the nature of each charge. We have reviewed the record before us, and we find no error in the District Court's conclusion. We accept the District Court's findings that Persico did not meet his burden. *See generally Strickland v. Washington*, 466 U.S. 668 (1984).

We also reject Persico's claim that the Court violated Rule 11 by failing to ensure that he understood the nature of the charges. Persico asserts primarily that his plea to an extortion conspiracy was not validly entered because he did not understand that the crime involves violence or threats of violence. Notwithstanding any arguable deficiency in the plea allocution, we are satisfied that there was no violation of Rule 11(b)(1)(g), or, if there was a violation, it was harmless, because the defendant understood the nature of the charges. *See* Fed. R. Crim. P. 11(h). The District Court's finding that Persico knew the nature of the charge was well supported given, *inter alia*, the extensive discussion of the nature of the charges at the bail hearing and in other proceedings (which included the judge's statements that she was satisfied that "the defendant is charged with violent criminal activity . . . [in which the defendant] operated basically as a supervisor and that others got to be actually the ones threatening the violence and instilling the fear," *see* Feb. 2, 2001, Tr. at 19), Persico's review with his lawyers in open court of the superseding indictment (which described the enterprise as "threatening and actually using physical violence"), *see* Dec. 20, 2001, Tr. at 14-15, the evident competence, sophistication, and inquiring nature of Persico throughout the plea process, Persico's failure to submit any affidavit

or testimony contending that he did not understand that he was charged with a crime of violence, and the timing of Persico's motion in the District Court, which first asserted this contention shortly after a co-defendant had been acquitted on some of the major charges.

Finally, we reject Persico's claim that the District Court violated Rule 11 by failing to establish a factual basis for his claim. *See* Fed. R. Crim. P. 11(b)(3). In determining that there is a factual basis for the plea, "[t]he judge may look to answers provided by counsel for the defense and government, the presentence report, 'or . . . whatever means is appropriate in a specific case'–so long as the factual basis is put on the record." *United States v. Smith*, 160 F.3d 117, 121 (2d Cir. 1998) (quoting *United States v. Maher*, 108 F.3d 1513, 1524 (2d Cir. 1997)). Having reviewed the voluminous record, we are satisfied that the district judge made no error in determining that there was a factual basis for the plea.[1]

---

[1] In a supplemental brief, Persico contends, in light of the Supreme Court's recent decision in *Shepard v. United States*, 125 S. Ct. 1254 (2005), that the District Court violated Persico's Sixth Amendment rights by sentencing him based on facts that Persico never admitted. The brief also seems to argue that it was unconstitutional under *Shepard* for the District Court to rely on unadmitted facts, such as those found in the presentence report, in finding a factual basis for Persico's guilty plea. We reject both arguments. As for the first argument, directed to what facts a court may consider in passing sentence, Persico may not raise it because he waived his right to "appeal or otherwise challenge the conviction or sentence" if it was at or below a specified length of 156 months' imprisonment, which Persico's sentence was. *See United States v. Morgan*, 386 F.3d 376, 380 (2d Cir. 2004); *see also United States v. Morgan*, 406 F.3d 135, 137 (2d Cir. 2005). As for the second argument, we see no basis in *Shepard* for undermining the longstanding view that a court may satisfy itself as to the requirement of Rule 11(b)(3) from varied sources other than the defendant's admissions. *Shepard* addressed the question whether a court may properly find that a defendant's prior conviction by guilty plea had characteristics conforming to the requirements of the Armed Career Criminal Act ("ACCA") (thus calling for a lengthy mandatory sentence for the new offense) on the basis of evidence outside "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, . . . any explicit factual finding by the trial judge to which the defendant assented . . . [or] some comparable judicial record of this information." *Shepard*, 125 S. Ct. at 1257, 1263. The Court's ruling interpreting the requirements of the ACCA statute raises very different considerations from those involved in a court's determination under Rule 11(b)(3) that there is "a factual basis

1     We have considered Persico's other arguments and find them to be without merit. The

2 judgment of the District Court is affirmed.

                                          FOR THE COURT:
                                          ROSEANN B. MacKECHNIE, Clerk

                                          *Lucille Carr* (signature)

A TRUE COPY
Roseann B. MacKechnie, CLERK
by *Ralph* (signature)
DEPUTY CLERK

---

1 for the plea" which the defendant has entered in the same proceeding.